# H. W. McFADDEN ET AL.

## v.

# D. C. WHITE ET AL.

*Drainage—Subordinate Ditches—Bill to Restrain Extension and Repair of—Demurrer Sustained.*

1. Upon a bill to restrain drainage commissioners from making certain appropriations from the general fund for the purpose of extending and repairing subordinate ditches, and to require such officers, as well as others to return to the district treasury moneys already expended for such work this court holds that the court below properly sustained the demurrer of the respondents.

2. In such cases it is to be presumed that the commissioners are acting in compliance with the law until the contrary is clearly made to appear.

[Opinion filed January 21, 1889.]

IN ERROR to the Circuit Court of Mason County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. JOHN W. PITMAN, for plaintiffs in error.

Messrs. WALLACE & PRETTYMAN, for defendants in error.

*Per Curiam.* This was a bill in chancery, brought by the complainants, owning lands within a special drainage district, to restrain the commissioners from making certain appropriations from the general funds of the district, and to require the present commissioners and certain ex-commissioners to account for and return to the district treasury certain sums of money which had been improperly used in making drains similar to that which the bill sought to enjoin. The Circuit Court sustained a demurrer to the bill, and the propriety of this ruling is the only point for consideration.

The alleged misappropriation accomplished and apprehended consists in making and repairing what are termed subordinate ditches, which can be useful only for the purpose of draining limited and particular areas, and are not necessary for the general drainage of the whole district. As to these, the bill claims there should be no charge upon the general funds of the

district. The scope of the bill is confined to such acts in this regard as have been done and are proposed since July 1, 1885, though the district was organized long before, and though, as averred, there had been, prior to that date, a number of such subordinate ditches constructed and paid for out of said general funds. It is not shown how the funds of the district had been raised; whether there had been any special assessments or classification of the lands under Sec. 21 of the act of 1885, nor is it shown what was the original plan or system of drainage projected when the district was organized, and under which more than $225,000 had been expended in constructing what are termed in the bill main ditches; nor does it appear, by direct averment or by necessary inference from what is set forth, that the ditches in question are not within the "original purpose" for which the corporate funds may be used, "to the end that all lands, so far as practicable, shall receive their proper and equal benefits as contemplated when the lands were classified."

It is to be presumed the commissioners are acting in compliance with law, and it must clearly appear otherwise before their proceedings can be assailed.

The allegations of the bill are to be construed against the pleader.

The bill was properly held bad, and the decree will be affirmed.

*Affirmed.*